**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ANA CRUCCI and EDUARDO C. CRUCCI,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-317-KC** |
| | § | |
| **SETERUS, INC.,** | § | |
| | § | |
| **Defendant**. | § | |

<u>**ORDER**</u>

On this day, the Court considered Defendant's Motion to Dismiss Pursuant to Federal

Rule of Civil Procedure 12(b)(6) and Brief in Support (the "Motion"), ECF No. 4. By the

Motion, Defendant seeks to dismiss the above-captioned case (the "Case") in its entirety. For the

following reasons, the Court **GRANTS** the Motion.

I.      **BACKGROUND**

On September 26, 2013, Plaintiffs filed their original petition (the "Petition"), ECF No.

1-1, Ex. B-1, in the County Court at Law No. 5 of El Paso County, Texas (the "State Court"). By

the Petition, Plaintiffs seek a judgment declaring a pending foreclosure sale (the "Foreclosure")

of certain real property (the "Property") invalid. Pet. 1-2. The Petition also includes a claim for

breach of contract, a request for disclosure, and a request for injunctive relief forestalling the

Foreclosure. *Id.* at 2-4.

On September 27, 2013, the State Court granted Plaintiffs a temporary restraining order

(the "TRO"), thereby restraining Defendant from consummating the Foreclosure on the

originally scheduled date of October 1, 2013. ECF No. 1-1, Ex. B-3. The TRO also ordered

Defendant to appear before the State Court on October 9, 2013 to show cause why the State Court should not further enter a temporary injunction forestalling the Foreclosure. *Id*. at 2. That show cause hearing never occurred, however, because Defendant removed the Case to this Court the day before the hearing was scheduled. *See* Notice of Removal, ECF No. 1.

Defendant filed the Motion on October 29, 2013.[1] Plaintiffs did not respond to the Motion.

## II.    DISCUSSION

### A.    Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *accord Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[1] Although Defendant originally had until October 15, 2013 to answer the Petition, the Court granted Defendant's motion for additional time to answer. *See* ECF No. 3. Defendant filed the Motion in lieu of an answer.

will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Generally, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins*, 224 F.3d at 498 (citing Fed. R. Civ. P. 12(b)(6)). However, the Fifth Circuit has "note[d] approvingly" that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim." *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

**B.     Analysis**

The Petition raises four claims against Defendant: (1) Defendant failed to comply with the notice requirements established by the Texas Property Code; (2) Defendant failed to comply with the notice requirements established by the deed of trust securing the Property (the "Deed of Trust"), Mot. Ex. A-2; (3) the holder of the note securing the Property has not assigned the note to Defendant, so Defendant lacks authority to conduct the Foreclosure; and (4) Defendant breached its contract with Plaintiffs. Pet. 2-3. Plaintiffs accordingly request a declaratory judgment that the Foreclosure is "without force and effect" and "invalid." *Id.* at 2. Plaintiffs additionally request injunctive relief to prevent Defendant from commencing the Foreclosure. *Id.*

3

at 3. The Court considers each of Plaintiffs' claims in turn.

### 1.    Defendant's alleged failure to comply with Texas Property Code § 51.002

Plaintiffs argue that Defendants did not give Plaintiffs "the notice of default and opportunity to cure prior to acceleration within the strict time limits imposed by . . . the Texas Property Code regarding the foreclosure of homestead." Pet. 2. Plaintiffs further argue that Defendant did not provide them "a notice of sale or substitution of trustee in writing and signed, as required by the Texas Property Code." *Id*. Finally, Plaintiffs argue that "[t]he [n]otice of sale was not posted as required by law, depriving [P]laintiffs of a public sale." *Id*.

Defendant responds that it did in fact comply with the applicable provisions of the Texas Property Code. Mot. ¶¶ 5-10. Defendant argues in the alternative that the notice provisions of the Texas Property Code do not apply until a foreclosure has actually occurred. *Id*. ¶ 13. Because Defendant has not yet consummated the Foreclosure, it argues that it cannot be found liable for violating the notice provisions. *Id*.

Texas Property Code § 51.002 imposes various notice requirements upon "sale[s] of real property under a power of sale conferred by a deed of trust or other contract lien." Tex. Prop. Code Ann. § 51.002(a) (West 2013). The provisions relevant here are § 51.002(b)(1), which requires posting of a written notice of the pending sale twenty-one days before the sale date; § 51.002(b)(3), which requires serving written notice of the sale to each debtor by certified mail; and § 51.002(d), which requires giving the debtor twenty days written notice to cure the default "before notice of sale can be given under Subsection (b)."

This Court interpreted § 51.002 under almost identical circumstances in *Landry v. Wells Fargo Home Mortgage, Inc.*, No. EP-13-CV-144-KC, 2013 WL 5278497 (W.D. Tex. Sept. 18,

2013) (Cardone, J.). This Court held that because § 51.002(b) and (d) "set notice requirements based on the date of sale, a plaintiff can only bring a cause of action under either provision if she alleges that a sale has occurred." *Landry*, 2013 WL 5278497, at *3 (citing *Kew v. Bank of Am., N.A.*, CIV. A. H-11-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012); *Adams v. Bank of Am.*, 4:10-CV-709, 2011 WL 5080217, at *5 (E.D. Tex. Oct. 26, 2011), *aff'd*, 475 F. App'x 526 (5th Cir. 2012); *Eisenberg v. Deutsche Bank Trust Co. Ams.*, SA 11-CV-384-XR, 2011 WL 2636135, at *3 (W.D. Tex. July 5, 2011)). As was true of the plaintiff's statutory notice claims in *Landry*, "Plaintiff[s'] § 51.002 claims are insufficient because [Plaintiffs have] failed to allege that there has been a sale of [the P]roperty." *Id*. at *4 (citing *Kew*, 2012 WL 1414978, at *6). The Petition indicates that the Foreclosure has not yet occurred. *See* Pet. 2 ("Plaintiffs' statutory rights and contractual rights *would* be violated by the sale of [the Property]." (emphasis added)). *See also id*. at 3 (seeking injunctive relief to prevent the pending Foreclosure). The TRO restrained Defendant from consummating the Foreclosure, and there is no indication in the record that Defendant subsequently commenced the Foreclosure or that the Foreclosure is currently pending. *See* TRO 1-2. Because there is no suggestion that the Foreclosure has occurred, "Plaintiff[s] ha[ve] failed to allege a § 51.002 claim upon which relief can be granted" against Defendant. *Landry*, 2013 WL 5278497, at *4 (citing *Twombly*, 550 U.S. at 555-56). The Court accordingly dismisses that claim.

The Court likewise dismisses Plaintiffs' request for declaratory relief against Defendant.[2]
"A court may only rule on a request for declaratory judgment when a plaintiff alleges 'facts from

---

[2] For the reasons explained in *Landry*, although Plaintiffs request relief under the Texas Uniform Declaratory Judgments Act, *see* Pet. 2, the Court instead construes Plaintiffs' declaratory relief claim as a claim brought under the federal Declaratory Judgment Act, because the Court applies federal procedural law when sitting in diversity. *See Landry*, 2013 WL 5278497, at *4 n.2 (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012)).

which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Landry*, 2013 WL 5278497, at \*4 (quoting *Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003)). Plaintiffs have failed to do so. The Petition alleges that the Foreclosure was scheduled for October 1, 2013. *See* Pet. 2. The TRO prevented Defendant from consummating the Foreclosure on that date. *See* TRO 1-2. As a result, the "sale date has passed without a sale and there is no indication that a future sale is currently scheduled. Accordingly, declaratory relief is not appropriate." *Landry*, 2013 WL 5278497, at \*4 (citing *Calderon v. Bank of Am. N.A.*, --- F. Supp. 2d ----, SA:12-CV-00121-DAE, 2013 WL 1741951, at \*13-14 (W.D. Tex. Apr. 23, 2013)). Therefore, "to the extent that Plaintiff[s seek] a declaratory judgment that any future sale would be invalid because of Defendant['s]  alleged violations of § 51.002, this claim is also insufficient," and the Court dismisses it. *Id.*

### 2. Defendant's alleged failure to comply with the Deed of Trust

The Petition further alleges that the Deed of Trust requires Defendant to give Plaintiffs "notice of default and opportunity to cure" within a given time limit prior to acceleration, and that Defendant failed to do so. Pet. 2. Defendant argues that it gave Plaintiffs the notice required by the Deed of Trust. Mot. ¶¶ 5-10.

Defendant has attached several documents to the Motion that purport to demonstrate that Defendant fulfilled its notice obligations under the Deed of Trust – namely, a mailing addressed to Plaintiffs, and the Deed of Trust itself. *See* Mot. Exs. A-2, A-8. The Court must first determine whether it can consider these exhibits when ruling on the Motion.

Ordinarily,

[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable

opportunity to present all the material that is pertinent to the motion.
Federal Rule of Civil Procedure 12(d).

Considering documents attached to a motion to dismiss is disfavored because it is generally

unfair to deprive a plaintiff of his or her day in court, on the basis of defendant-friendly

evidence, before the plaintiff has had the opportunity to conduct discovery and obtain

inculpatory documents in the defendant's possession. *Cf. Scanlan v. Tex. A&M Univ.*, 343 F.3d

533, 539 (5th Cir. 2003) ("By simply adopting the Final Report . . . the district court deferred to a

defendant-created commission rather than presenting the questions of material fact to a trier of

fact.").

Under Fifth Circuit precedent, however, a court may permissibly consider "[d]ocuments

that a defendant attaches to a motion to dismiss" without converting the motion to dismiss to a

motion for summary judgment if those documents "are referred to in the plaintiff's complaint

and are central to her claim." *Collins*, 224 F.3d at 498-99 (quoting *Venture*, 987 F.2d at 431);

*accord Scanlan*, 343 F.3d at 535-39; *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662

n.16 (N.D. Tex. 2011).

> Although the Fifth Circuit has not articulated a test for determining when a
> document is central to a plaintiff's claims, the case law suggests that documents
> are central when they are necessary to establish an element of one of the plaintiff's
> claims. Thus, when a plaintiff's claim is based on the terms of a contract, the
> documents constituting the contract are central to the plaintiff's claim . . .
> However, if a document referenced in the plaintiff's complaint is merely evidence
> of an element of the plaintiff's claim, then the court may not incorporate it into the
> complaint.

*Kaye*, 453 B.R. at 662 (citations omitted).

Put another way, when a document attached to a motion to dismiss has some operative

significance and effect, as is true of a contract that creates legal obligations or an assignment that

effectuates a change of ownership, the Court may properly consider that document. *See*, *e.g.*,

*Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516-17 (5th Cir. 2013); *Kaye*, 453 B.R. at

662 (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). Where, by

contrast, the document has no operative effect of its own, as is true of an investigative report

prepared by the defendant following an accident, the Court should not consider the document.

*See*, *e.g.*, *Scanlan*, 343 F.3d at 535-39.

The court should also avoid considering documents attached to a motion to dismiss when

the plaintiff "rel[ies] on substantial, other evidence to support [his or her] claims." *Id*. at 537-39.

Finally, when deciding whether to consider the attached document, the court should weigh

whether the plaintiff objected to the document in his or her response to the motion to dismiss.

*See id*. at 536-37.

In light of the foregoing, the Court concludes that it is proper to consider the Deed of

Trust here. First, the Petition explicitly mentions the Deed of Trust. *See* Pet. 2. The terms of the

Deed of Trust as set forth in the document itself are self-evidently essential to Plaintiffs' claim

that Defendant failed to comply with the Deed of Trust. *See Kaye*, 453 B.R. at 662. The Deed of

Trust has operative effect insofar as it imposes obligations upon Plaintiffs and Defendants. *See*

*id*. Plaintiffs do not contend that this exhibit is anything other than a true and accurate copy of

the Deed of Trust; nor do they object to this Court's consideration of that exhibit. *See Scanlan*,

343 F.3d at 536-37. Plaintiffs do not rely on substantial evidence – or, for that matter, any

evidence or allegations at all – outside the Deed of Trust in support of their claim that Defendant

failed to comply with the Deed of Trust. *See* Pet. 2; *Scanlan*, 343 F.3d at 537-39. Finally,

numerous courts in the Fifth Circuit have considered deeds of trust attached to motions to

dismiss under analogous circumstances. *See Morlock, LLC v. Bank of Am., N.A.*, Civil Action

No. 4:12–CV–3276, 2013 WL 5231488, at *2 (S.D. Tex. Sept. 13, 2013); *Salisbury v. Fed.*

8

*Home Loan Mortg. Corp.*, No. 4:12cv96, 2012 WL 3727545, at *2 n.1 (E.D. Tex. Aug. 27, 2012), *report and recommendation adopted by* 2012 WL 4490863 (E.D. Tex. Sept. 28, 2012); *Warren v. Bank of Am., N.A.*, Civil Action No. 3:11–CV–3603–M, 2012 WL 3020075 at *3 (N.D. Tex. June 19, 2012), *report and recommendation adopted by* 2013 WL 1131252 (N.D. Tex. Mar. 19, 2013). The Court therefore considers the Deed of Trust to adjudge whether Plaintiff has adequately alleged that Defendant failed to comply with it.

It is a closer question whether the Court may consider Exhibit A-8 to the Motion, which purports to be a letter addressed to Plaintiffs that informs Plaintiffs that they are in default and gives them thirty days to cure. *See* Mot. Ex. A-8. The Court concludes that it may consider this document. First, Plaintiff references the document in the Petition: Plaintiffs allege that they were "not given the notice of default and opportunity to cure prior to acceleration," and Exhibit A-8 purports to be just that notice and opportunity to cure. *See* Pet. 2. The letter has operative effect insofar as it purports to satisfy Defendant's notice obligations under the Deed of Trust. *See* Deed of Trust ¶¶ 15, 22. The document is central to Plaintiffs' claim because, if the document is what it appears to be, it would dispose of the claim entirely. *See Kaye*, 453 B.R. at 662. Plaintiffs point to no "substantial, other evidence to support their claim[]" that Defendant failed to comply with the Deed of Trust. *See Scanlan*, 343 F.3d at 537-39. Finally, and most importantly, Plaintiffs have not objected to the Court's use of the letter; nor have they given the Court any reason to believe (1) that the letter is not what it appears to be or (2) that Defendant did not actually mail the letter. *See id.* at 536-37. Therefore, the Court concludes that considering the letter would not be unfair to Plaintiffs.

These exhibits amply demonstrate that Plaintiffs' insufficient notice claim based on the Deed of Trust lacks merit. The relevant provisions of the Deed of Trust are Paragraphs 15 and

22. *See* Mot. Ex. A-2. Paragraph 22 requires Defendant to give Plaintiffs notice of the default and thirty days to cure the default. *See* Deed of Trust ¶ 22. Notice is effective under the terms of the Deed of Trust when it has been reduced to writing and "mailed by first class mail or when actually delivered [to Plaintiffs] if sent by other means." *Id*. ¶ 15. Therefore, it is irrelevant whether Plaintiffs actually received the notice if Defendant sent the notice via first class mail. *See id.*

Exhibit A-8 is a letter addressed to Plaintiffs addressed May 23, 2013, that informs Plaintiffs that they are in default and have until June 27, 2013, to cure the deficiency. Mot. Ex. A-8, at 1. The letter further states that failure to cure will result in acceleration and eventual foreclosure. *Id*. The letter indicates that it was mailed on May 23, 2013, by first class mail. *Id. See also* Deed of Trust ¶ 15 (providing that notice is effective once Defendant mails it via first class mail, regardless of whether Plaintiffs receive it). Therefore, Defendant satisfied Paragraph 22's requirement that Defendant give Plaintiffs notice of default and thirty days to cure prior to acceleration. *See id*. ¶ 22. Because Defendant reduced this notice to writing and sent it via first class mail, the notice was sufficient under the terms of the Deed of Trust. *See id*. ¶ 15.

The Deed of Trust further requires Defendant, if it "invokes the power of sale," to give Plaintiffs "notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law. [Defendant] shall mail a copy of the notice to [Plaintiffs] in the manner prescribed by Applicable Law." *Id*. ¶ 22. By referring repeatedly to the notice requirements established by "Applicable Law," the Deed of Trust incorporates Texas Property Code § 51.002's notice requirements by reference. For the reasons described above, Defendant did not violate Texas Property Code § 51.002. Therefore, the Court concludes that Defendant did not violate the notice requirements of the Deed of Trust. The Court therefore

dismisses Plaintiffs' notice claims. The Court likewise dismisses Plaintiffs' request for declaratory relief based on Defendant's alleged failure to comply with the Deed of Trust.

### 3.   Defendant's authority to foreclose

The Petition alleges that "[t]here is not Assignment form [sic] State National Bank transferring title to [Defendant], therefore [Defendant] cannot foreclose on a note that does not pertain to them [sic]." Pet. 2. The Court construes this sentence to allege that the holder of the note securing the Property never assigned that note to Defendant, and that Defendant therefore lacks authority to foreclose upon the Property. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252 (5th Cir. 2013).

This argument fails. A mortgage servicer such as Defendant need not hold, own, or possess the note to conduct a non-judicial foreclosure under Texas law, because foreclosure enforces the deed of trust, not the underlying note. *See*, *e.g.*, *id.* at 252-56 (citations omitted); *Estate of Falk v. Wells Fargo Bank, N.A.*, --- F. App'x ----, 2013 WL 5614248, at *2 (5th Cir. Oct. 15, 2013) (citations omitted). Plaintiffs' faulty assignment argument does not allege any defects in the chain of assignment of the Deed of Trust. *See* Pet. 2; *Martins*, 722 F.3d at 252-56. The argument therefore fails to state a claim upon which the Court may grant relief.

Even if the Court interpreted Plaintiffs' argument to allege a defect in the chain of assignment of the Deed of Trust instead of the note, Defendant has attached numerous documents to the Motion demonstrating that the Deed of Trust was duly assigned to Federal National Mortgage Association ("Fannie Mae") and that Defendant was authorized to act as Fannie Mae's mortgage servicer for the purposes of the Foreclosure. *See* Mot. Ex. A-3 – A-9. *See also* Tex. Prop. Code Ann. § 51.0025 (permitting a mortgage servicer to administer a foreclosure). For the following reasons, the Court considers these assignment documents in

11

ruling on the Motion: First, Plaintiff refers to the documents in the Motion, as Plaintiff alleges that the documents do not exist or are legally insufficient. *See Collins*, 224 F.3d at 498-99 (quoting *Venture*, 987 F.2d at 431). The documents have operative effect insofar as they purport to effectuate assignments of the Deed of Trust from one entity to another. The documents are central to Plaintiff's defective assignment claim because they would dispose of that claim entirely if the Court considered them. *See Kaye*, 453 B.R. at 662. Plaintiffs do not contend that these exhibits are anything other than true and accurate copies of the assignment documents; nor do they object to this Court's consideration of these exhibits. *See Scanlan*, 343 F.3d at 536-37. Plaintiffs do not rely on substantial evidence – or, for that matter, any evidence or allegations – outside the assignment documents in support of their claim that there is a break in the chain of assignment. *See* Pet. 2; *Scanlan*, 343 F.3d at 537-39. Finally, courts in the Fifth Circuit have considered assignment documents attached to a motion to dismiss in analogous circumstances. *See, e.g.*, *Turner*, 514 F. App'x at 516-17; *Hosey v. Network Funding, L.P.*, Civil Action No. H-13-2573, 2013 WL 5971061, at *4 (S.D. Tex. Nov. 8, 2013).

These assignment documents indicate that the Deed of Trust was assigned from State National Bank, to First Horizon Home Loan Corporation, to Mortgage Electronic Registration Systems, to Fannie Mae. *See* Mot. Ex. A-3 – A-5. The documents further indicate that Defendant served as Fannie Mae's mortgage servicer with respect to the Deed of Trust. *See id*. Ex. A-6 – A-9. Defendant has therefore demonstrated an unbroken chain of assignment. *See id*. Ex. A-3 – A-9; Tex. Prop. Code Ann. § 51.0025. Plaintiffs have given the Court no reason to doubt this conclusion. Therefore, insofar as the Petition requests a declaratory judgment that the Foreclosure, if consummated, would be invalid due to defects in the chain of assignment, the Court dismisses that claim.

### 4.      Breach of contract

Plaintiffs claim that the facts alleged in the Petition "constitute breach of contract as [D]efendant is engaged in a course of conduct which is not authorized or a right created in contract between the parties." Pet. 2-3. Plaintiffs further claim that they have sustained damages as a proximate result of Defendant's breach. *Id*. at 3.

Plaintiffs do not identify what contract Defendant has breached, what actions Defendant has taken to breach that contract, how Defendant's actions amount to a breach under the terms of that contract, or any other information that would allow the Court to evaluate Plaintiffs' claim. *See id*. at 2-3. If Plaintiffs intend to refer to Defendant's alleged failure to provide notice and an opportunity to cure under the terms of the Deed of Trust, the Court has already rejected that argument. If not, then Plaintiffs' claim is a bare recitation of the elements of a breach of contract cause of action. *See Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Either way, the Court dismisses Plaintiffs' breach of contract claim.

### 5.      Plaintiff's requests for injunctive relief

Because the Court has dismissed all of Plaintiffs' claims, the Court also dismisses Plaintiffs' requests for injunctive relief because Plaintiff has shown no likelihood of success on the merits. *See* Pet. 3. *See also*, *e.g.*, *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 546 n.12 (1987) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 392 (1981)) (noting that a party may obtain a preliminary injunction only after demonstrating a likelihood of success).

### 6.      The Court declines to grant Plaintiffs an opportunity to amend the Petition

Ordinarily, when a court dismisses one or more of a plaintiff's claims pursuant to Rule

12(b)(6), the court should give the plaintiff an opportunity to amend its complaint. *E.g.*, *Adams v. Energizer Holdings, Inc.*, Civil Action No. 3:12CV797TSL–JMR, 2013 WL 1791373, at *4 (S.D. Miss. Apr. 19, 2013) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)). However, the court need not grant leave to amend when the plaintiff has already pleaded its "best case." *E.g.*, *Smith v. Wells Fargo Bank, N.A.*, No. 3:12–cv–4633–K–BN, 2013 WL 3324195, at *11 (N.D. Tex. June 28, 2013) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986)).

Here, the aforementioned defects in Plaintiffs' case, coupled with the fact that Plaintiffs did not file a response to the Motion or a request to amend their pleadings, cause the Court to conclude that Plaintiffs have already pleaded their best case. *See*, *e.g.*, *Thomas v. Wells Fargo Bank, N.A.*, Civil Action No. 3:13–CV–0127–G(BF), 2013 WL 4050127, at *5 n.7 (N.D. Tex. Aug. 9, 2013) (citing *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012)) ("[S]ince Plaintiff did not file a response to the motions to dismiss or request to amend his pleadings, the Court finds that Plaintiff pled his best case and providing leave to amend would be futile and unnecessary."). If Plaintiffs had potentially meritorious arguments, they presumably would have raised them under one of these avenues. They did not. Therefore, the Court dismisses the Case without leave to amend the Petition.

III.   **CONCLUSION**

It is therefore **ORDERED** that the Motion be **GRANTED**.

The clerk shall close the Case.

**SO ORDERED**.

**SIGNED this 21st day of November, 2013.**

_____

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE